J. SCOTT GERIEN, State Bar No. 184728
JOY L. DURAND, State Bar No. 245413
DICKENSON, PEATMAN & FOGARTY
1455 First Street, Suite 301
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876

Attorneys for Plaintiff
JAM CELLARS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JaM Cellars, Inc., | CASE NO. |
| Plaintiff, | **COMPLAINT** |
| vs. | 1. **Federal Trademark Infringement** |
| | 2. **Federal Unfair Competition** |
| O'Neill Beverages Co. LLC, | 3. **California Unfair Competition** |
| | 4. **California False or Misleading Statements** |
| Defendant. | 5. **Common Law Trademark Infringement** |
| | 6. **Common Law Unfair Competition** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff, JaM Cellars, Inc. ("JaM" or "Plaintiff"), for its complaint against Defendant,

O'Neill Beverages Co. LLC ("O'Neill" or "Defendant"), alleges as follows:

**<u>NATURE OF ACTION</u>**

1.  This is an action to redress violations of the federal Lanham Act for infringement of a

federally registered trademark (15 U.S.C. §1114), federal unfair competition (15 U.S.C.

§1125(a)), California unfair competition (Cal. Bus. & Prof. Code §17200), the

dissemination of false and misleading statements (Cal. Bus. & Prof. Code §17500) and

common law trademark infringement and unfair competition, as the result of willful and

unauthorized use by Defendant of colorable imitations of Plaintiff's trademark, as more

COMPLAINT; DEMAND
FOR JURY TRIAL
1

fully set forth hereinafter.  Plaintiff seeks preliminary and permanent injunctive relief restraining Defendant's infringement of Plaintiff's trademark, monetary damages, attorneys' fees and related relief.

**THE PARTIES**

2.  Plaintiff, JaM Cellars, Inc., is a California corporation with its corporate offices located at 1085 Thompson Street, Napa, California 94558.

3.  Upon information and belief, Defendant, O'Neill Beverages Co. LLC, is a Delaware limited liability company with its corporate offices located at 101 Larkspur Landing Circle, Suite 350, Larkspur, California 94939.

**JURISDICTION AND VENUE**

4.  This Court has subject matter jurisdiction over Plaintiff's claim under and pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1338(a), as the claims arise under the federal Lanham Act, 15 U.S.C. §§1116-1127.  This Court also has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. §1338(b).

5.  Upon information and belief, Defendant, either directly or through its agents, transacted business in the State of California and within this judicial district, as more specifically set forth below, and expected or should reasonably have expected its acts to have consequence in the State of California and within this judicial district.

6.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as Defendant is doing business in this judicial district and therefore may be found in this district, and/or as a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district, and/or the infringement occurred in this judicial district.

**INTRADISTRICT ASSIGNMENT**

7.  Pursuant to Civil Local Rule 3-2(c) this is an intellectual property matter which is to be assigned on a district-wide basis.

**ALLEGATIONS COMMON TO ALL CLAIMS**

8.  Plaintiff is the owner of the trademark BUTTER for wine as well as the owner of incontestable U.S. Trademark Registration No. 3,999,253 for BUTTER for wine in

International Class 33, issued on July 19, 2011 with constructive rights dating back to April 11, 2010 (the "BUTTER Mark"). Plaintiff has used the BUTTER mark on and in association with wine since as early as 2010, long prior to the acts of Defendant complained of herein.

9. Plaintiff's BUTTER Mark for wine is not descriptive when used in association with wine and therefore is inherently distinctive.

10. Plaintiff produces a California Chardonnay wine under the BUTTER Mark. BUTTER wine is offered for sale in forty-eight (48) states, including the state of California. Since, 2010, Plaintiff has sold over six million (6,000,000) bottles of BUTTER wine nationwide. In 2016 alone, Plaintiff sold over three million (3,000,000) bottles of BUTTER wine.

11. Since 2010, Plaintiff's dollar sales of its BUTTER wine have been in excess of fifty-three million dollars ($53,000,000). In 2016, Plaintiff's sales of its BUTTER wine were in excess of twenty-six million dollars ($26,000,000).

12. In 2016, Plaintiff produced over ten million (10,000,000) bottles of BUTTER wine with a retail value of over one hundred fifty million dollars ($150,000,000).

13. According to Nielsen U.S. Food/Drug/Liquor 52 weeks report ending December 2016, Plaintiff's BUTTER wine is the #2 selling Chardonnay in the United States.

14. Since 2010, Plaintiff has expended well over two million dollars ($2,000,000) in advertising and marketing its BUTTER wine, including direct marketing, promotions, sponsorships, wine tastings, catalog and print advertisements, website production, and point of sale materials.

15. In 2015 and 2016, Plaintiff was a primary sponsor of the BottleRock Napa Valley music festival where the BUTTER brand was prominently featured and seen, collectively, by over two hundred thousand (200,000) festival goers.

16. Plaintiff's BUTTER wine received an 87 point score in the *Wine Spectator* for its 2011 vintage, was awarded a silver medal at the 2016 San Francisco Chronicle International Wine Competition and received a #1 ranking from wine professionals in the Judgment

of Oakland at the 2016 Oakland Wine Festival.

17. As evidenced by Plaintiff's sales and accolades for the BUTTER wine, Plaintiff owns extremely valuable goodwill in its BUTTER Mark and the mark has extraordinary financial value.

18. As a result of the wide, continuous advertising and distribution of Plaintiff's BUTTER wine since as early as 2010, the BUTTER Mark has also acquired distinctiveness among wine consumers.

19. In 2014, it came to JaM's attention that O'Neill had filed a trademark application for the mark BUTTERBALL for wine. Following such discovery, counsel for JaM telephoned counsel for O'Neill and advised him that JaM viewed the BUTTERBALL mark to be an infringement of JaM's BUTTER mark as the BUTTERBALL mark began with and completely encompassed JaM's BUTTER mark. Counsel for JaM further advised counsel for O'Neill that if O'Neill proceeded to use the mark JaM would initiate a trademark infringement lawsuit against O'Neill. O'Neill never used the BUTTERBALL mark and subsequently abandoned the trademark application.

20. On January 30, 2017, Plaintiff learned that a Certificate of Label Approval ("COLA") was issued by the U.S. Alcohol and Tobacco Tax and Trade Bureau ("TTB") to O'Neill on January 24, 2017 for a Chardonnay wine produced from California grapes featuring the mark BUTTERCUP (COLA TTB ID No. 17004001000488). The issuance of a COLA by the TTB is a legal prerequisite for the release of a wine into U.S. commerce. The label proof submitted in connection with the COLA application states that the Chardonnay has a "taste that's *like buttah*."

21. On or about February 2, 2017, counsel for JaM called counsel for O'Neill to inquire as to the COLA for the BUTTERCUP label but reached a voice mail and left a message. After exchanging several voice mails, counsel for JaM was able to speak with counsel for O'Neill on February 7, 2017. During such conversation, counsel for JaM advised counsel for O'Neill that JaM objected to the BUTTERCUP mark, as it did to O'Neill's BUTTERBALL mark almost three years earlier, and inquired as to O'Neill's intent in

proceeding with the label. Counsel for JaM further advised that if O'Neill proceeded with use of the BUTTERCUP label JaM would bring a trademark infringement action against O'Neill. Counsel for O'Neill advised that he was not aware of his client's intent and would inquire of his client and advise counsel for JaM of such intent.

22. On February 9, 2017, counsel for O'Neill advised counsel for JaM that O'Neill did not see a likelihood of confusion between the BUTTERCUP mark and the BUTTER mark and thanked counsel for JaM for the courtesy of the initial phone call.

23. Upon information and belief, O'Neill adopted the BUTTERCUP mark to capitalize upon the great success of the BUTTER brand and to unfairly compete with the BUTTER brand by misleading consumers as to the origin of the BUTTERCUP brand. Upon further information and belief, O'Neill has colluded with Kroger supermarkets to offer the BUTTERCUP brand through Kroger grocery outlets at a lower price point than the BUTTER brand to steal market share by capitalizing on the brand equity and popularity of the BUTTER brand to mislead consumers into buying the lower-priced BUTTERCUP wine, thereby diverting sales from the BUTTER brand.

24. Upon information and belief, Defendant has used the BUTTERCUP mark in commerce or such use is imminent.

25. Defendant's adoption and/or use of the BUTTERCUP mark in commerce is subsequent to Plaintiff's adoption, use and registration of its BUTTER Mark.

26. Defendant's BUTTERCUP mark is confusingly similar to Plaintiff's BUTTER Mark, given that the marks are similar in sight and sound, start with the same dominant term "BUTTER," utilize the same color combination on the labeling (e.g. yellow and black) and are used on the identical goods, namely, Chardonnay wine produced from California grapes.

27. Use of the BUTTERCUP mark by Defendant is likely to confuse consumers into believing that Defendant's BUTTERCUP wine is affiliated with, associated with, connected to, or sponsored by Plaintiff and its popular BUTTER wine, and Defendant will unjustly benefit from such association.

COMPLAINT; DEMAND
FOR JURY TRIAL

5

28. Defendant's infringing use of the mark BUTTERCUP will unjustly increase the profitability of Defendant's BUTTERCUP brand to the detriment of Plaintiff and at no cost to Defendant.

29. Plaintiff will be further harmed as consumers will purchase the BUTTERCUP wine believing it to be the BUTTER wine or to be affiliated with, associated with, connected to, or sponsored by Plaintiff, and thereby forego purchase of the BUTTER wine, resulting in loss of sales to Plaintiff from Defendant's unfair competition.

30. Defendant's infringing use of the confusingly similar BUTTERCUP mark will financially harm Plaintiff by diminishing the value of Plaintiff's BUTTER Mark.

31. Defendant's use of the BUTTERCUP mark will also diminish the value of Plaintiff's BUTTER Mark and endanger the ability of Plaintiff's BUTTER Mark to serve as a unique and distinctive source indicator for Plaintiff and/or Plaintiff's goods.

32. Unless restrained by this Court, Defendant will unfairly compete with Plaintiff by using the BUTTERCUP mark, wherefore Plaintiff is without adequate remedy at law.

33. This case is an exceptional case entitling Plaintiff to treble damages and attorneys' fees, and Defendant's conduct further entitles Plaintiff to punitive damages.

## FIRST CAUSE OF ACTION

(Federal Trademark Infringement under 15 U.S.C. §1114)

34.  Plaintiff restates and reavers the allegations of Paragraphs 1 through 33, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

35. Defendant's above-averred actions constitute use in commerce of a reproduction, counterfeit, copy or colorable imitation of Plaintiff's registered mark in connection with the sale, offering for sale, distribution or advertising of goods or services on or in connection with which such use is likely to cause consumer confusion, deception or mistake as to source, sponsorship or approval of the Defendant's aforesaid goods or services in violation of 15 U.S.C. §1114.

///

COMPLAINT; DEMAND                                      6
FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10

DICKENSON PEATMAN  FOGARTY

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SECOND CAUSE OF ACTION**

(Federal Unfair Competition under 15 U.S.C. §1125(a))

36. Plaintiff restates and reavers the allegations of Paragraphs 1 through 35, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

37. The Defendant's above-averred actions constitute use in commerce of a word, name or device and false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association of Defendant with Plaintiff or as to the origin, sponsorship or approval of the goods offered in connection therewith in violation of 15 U.S.C. §1125(a).

**THIRD CAUSE OF ACTION**

(State Unfair Competition under Cal. Bus. & Prof. Code §17200)

38. Plaintiff restates and reavers the allegations of Paragraphs 1 through 37, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

39. The Defendant's above-averred actions constitute unlawful, unfair or fraudulent business acts or practices in violation of Cal. Bus. & Prof. Code §17200.

**FOURTH CAUSE OF ACTION**

(False or Misleading Statements under Cal. Bus. & Prof. Code §17500)

40. Plaintiff restates and reavers the allegations of Paragraphs 1 through 39, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

41. The Defendant's above-averred actions constitute the dissemination and making of untrue or misleading statements, which by the exercise of reasonable care should have been known to be false or misleading, in violation of Cal. Bus. & Prof. Code §17500.

///

///

///

**FIFTH CAUSE OF ACTION**

(Common Law Trademark Infringement)

42. Plaintiff restates and reavers the allegations of Paragraphs 1 through 41, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

43. The Defendant's above-averred actions constitute trademark infringement and passing off in violation of the common law of California.

**SIXTH CAUSE OF ACTION**

(Common Law Unfair Competition)

44. Plaintiff restates and reavers the allegations of Paragraphs 1 through 43, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

45. The Defendant's above-averred actions constitute a false designation of origin in violation of the common law of California.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered as follows:

1.    That Defendant, its principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under its direction and/or pursuant to its control, be preliminarily and permanently enjoined and restrained, from directly or indirectly:

a.    Using the mark BUTTERCUP, or any term or mark confusingly similar to the BUTTER Mark, in connection with the advertisement, promotion, distribution, offering for sale or selling of alcohol beverages, or products or

1    services related to alcohol beverages;

2    b.    Performing any acts or using any trademarks, names, words, images or

3          phrases that are likely to cause confusion, to cause mistake, to deceive or

4          otherwise mislead the trade or public into believing that Plaintiff and

5          Defendant are one in the same or are in some way connected or that Plaintiff

6          is a sponsor of Defendant or that the goods of Defendant originate with

7          Plaintiff or are likely to lead the trade or public to associate Defendant with

8          Plaintiff;

9    2.   That Defendant be required to file with the Court, and serve on Plaintiff, a

10   statement under oath evidencing compliance with any preliminary or permanent

11   injunctive relief ordered by the Court within fourteen (14) days after the entry of

12   such order of injunctive relief;

13   3.   That Defendant, its principals, partners, franchisees, agents, employees, licensees,

14   affiliates, distributors, producers, any parent and subsidiary companies, attorneys

15   and representatives and all of those in privity with or acting under its direction

16   and/or pursuant to its control, be required to deliver up for destruction all

17   advertising, promotional materials, point of sale materials, labels, caps, corks,

18   neckers, packaging, and any other materials bearing the infringing mark together

19   with all artwork, plates, molds, matrices and other means and materials for making

20   and reproducing the same;

21   4.   That Defendant be ordered to recall infringing BUTTERCUP wine in the

22   marketplace from retailers;

23   5.   That Defendant be ordered to pay Plaintiff monetary damages for the harm resulting

24   from infringement of Plaintiff's mark, in an amount to be determined at trial;

25   6.   That Plaintiff's damages be trebled and that Defendant be order to pay Plaintiff's

26   attorneys' fees on the basis that this is an exceptional case;

27   7.   That Plaintiff be awarded punitive damages as a result of Defendant's conduct;

28   8.   That Plaintiff have such other and further relief as this Court shall deem just and

proper on the merits.

Dated: February 10, 2017                    Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By
    J. Scott Gerien
    Joy L. Durand

    1455 First Street, Suite 301
    Napa, California 94559
    Telephone: 707-252-7122
    Facsimile: 707-255-6876

Attorneys for Plaintiff,
JaM Cellars, Inc.

1

## DEMAND FOR JURY TRIAL

2

3          Plaintiff hereby requests a trial by jury in this matter.

4

5   Dated: February 10, 2017

6                                              Respectfully submitted,

7                                              DICKENSON, PEATMAN & FOGARTY

8

9

10                                             By J. Scott Gerien
                                                  Joy L. Durand

11                                                1455 First Street, Suite 301
                                                  Napa, California 94559
12                                                Telephone: 707-252-7122
                                                  Facsimile: 707-255-6876

13

14                                             Attorneys for Plaintiff,
                                               JaM Cellars, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28