Robert C. Holtzapple (State Bar No. 145954)
rholtzapple@fbm.com
Kelly M. Matayoshi (State Bar No. 284596)
kmatayoshi@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendant
O'NEILL BEVERAGES CO. LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JAM CELLARS, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>O'NEILL BEVERAGES CO. LLC,<br><br>    Defendant. | Case No. 3:17-cv-00690<br><br>**ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>The Hon. William H, Orrick<br>Date Action Filed: February 10, 2017<br>Trial Date: Not yet set |

    Defendant O'Neill Beverages Co. LLC ("O'Neill" or "Defendant") answers the Complaint of Plaintiff JaM Cellars, Inc.'s ("Plaintiff" or "JaM") Complaint filed on February 10, 2017, Docket Item No. 1 ("Complaint") as follows. To the extent that the headings of the Complaint are construed as allegations, they are each denied. O'Neill further denies the allegations in the Complaint except as specifically admitted or qualified below.

## NATURE OF ACTION

    1.    Paragraph 1 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, O'Neill admits that Plaintiff purports to bring this action under the Lanham Act and federal and California unfair competition, and for the dissemination of false and misleading statements and common law for trademark infringement and unfair competition. O'Neill denies the remaining allegations of Paragraph 1 of the Complaint.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

ANSWER TO COMPLAINT
Case No. 3:17-cv-00690

34181\5871160.2

## THE PARTIES

2. O'Neill lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and on that basis denies them.

3. O'Neill admits the allegations of Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Paragraph 4 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, O'Neill admits that this Court has subject matter jurisdiction and original jurisdiction of any unfair competition claim under 28 U.S.C. § 1338(b) over Plaintiff's claims.

5. Paragraph 5 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, O'Neill admits that it conducts business within this judicial district.

6. Paragraph 6 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, O'Neill admits that venue is proper in this judicial district.

## INTRADISTRICT ASSIGNMENT

7. Paragraph 7 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, O'Neill admits that assignment on a district-wide basis is proper under Civil L.R. 3-2(c).

## ALLEGATIONS COMMON TO ALL CLAIMS

8. O'Neill lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and on that basis denies them.

9. Paragraph 9 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, O'Neill denies the allegations in Paragraph 9 of the Complaint.

10. In responding to Paragraph 10, O'Neill admits that Plaintiff produces a chardonnay wine under the BUTTER mark. Except as so admitted, O'Neill lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

ANSWER TO COMPLAINT
Case No. 3:17-cv-00690

2

34181\5871160.2

on that basis denies them.

11. O'Neill lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and on that basis denies them.

12. O'Neill lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and on that basis denies them.

13. O'Neill lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and on that basis denies them.

14. O'Neill lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and on that basis denies them.

15. O'Neill lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and on that basis denies them.

16. O'Neill lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and on that basis denies them.

17. O'Neill lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and on that basis denies them.

18. Paragraph 18 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, O'Neill denies the allegations in Paragraph 18 of the Complaint.

19. O'Neill admits that it filed, and later abandoned, a trademark application for the mark "Butterball" for wine. O'Neill denies the remaining allegations of Paragraph 19 of the Complaint.

20. O'Neill lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 20 of the Complaint regarding when Plaintiff learned of the alleged information, and on that basis denies them. O'Neill admits the remaining allegations of Paragraph 20 of the Complaint

21. O'Neill denies the allegations of Paragraph 21 as they relate to O'Neill's BUTTERBALL trademark application. O'Neill admits the remaining allegations of Paragraph 21 of the Complaint.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

ANSWER TO COMPLAINT
Case No. 3:17-cv-00690

3

34181\5871160.2

| | | |
|---|---|---|
| 1 | 22. | O'Neill admits the allegations of Paragraph 22 of the Complaint. |
| 2 | 23. | O'Neill denies the allegations of Paragraph 23 of the Complaint. |
| 3 | 24. | O'Neill admits the allegations of Paragraph 24 of the Complaint. |
| 4 | 25. | O'Neill admits the allegations of Paragraph 25 of the Complaint. |
| 5 | 26. | O'Neill denies the allegations of Paragraph 26 of the Complaint. |
| 6 | 27. | O'Neill denies the allegations of Paragraph 27 of the Complaint. |
| 7 | 28. | O'Neill denies the allegations of Paragraph 28 of the Complaint. |
| 8 | 29. | O'Neill denies the allegations of Paragraph 29 of the Complaint. |
| 9 | 30. | O'Neill denies the allegations of Paragraph 30 of the Complaint. |
| 10 | 31. | O'Neill denies the allegations of Paragraph 31 of the Complaint. |
| 11 | 32. | O'Neill denies the allegations of Paragraph 32 of the Complaint. |
| 12 | 33. | O'Neill denies the allegations of Paragraph 33 of the Complaint. |

**FIRST CAUSE OF ACTION**

(Federal Trademark Infringement under 15 U.S.C. §1114)

34. O'Neill incorporates by reference it response to Paragraphs 1-33 as if fully set forth herein.

35. O'Neill denies the allegations of Paragraph 35 of the Complaint.

**SECOND CAUSE OF ACTION**

(Federal Unfair Competition under 15 U.S.C. §1125(a))

36. O'Neill incorporates by reference it response to Paragraphs 1-35 as if fully set forth herein.

37. O'Neill denies the allegations of Paragraph 37 of the Complaint.

**THIRD CAUSE OF ACTION**

(State Unfair Competition under Cal. Bus. & Prof. Code §17200)

38. O'Neill incorporates by reference it response to Paragraphs 1-37 as if fully set forth herein.

39. O'Neill denies the allegations of Paragraph 39 of the Complaint.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

ANSWER TO COMPLAINT
Case No. 3:17-cv-00690

4

34181\5871160.2

### FOURTH CAUSE OF ACTION

(False or Misleading Statements under Cal. Bus. & Prof. Code §17500)

40. O'Neill incorporates by reference it response to Paragraphs 1-39 as if fully set forth herein.

41. O'Neill denies the allegations of Paragraph 41 of the Complaint.

### FIFTH CAUSE OF ACTION

(Common Law Trademark Infringement)

42. O'Neill incorporates by reference it response to Paragraphs 1-41 as if fully set forth herein.

43. O'Neill denies the allegations of Paragraph 43 of the Complaint.

### SIXTH CAUSE OF ACTION

(Common Law Unfair Competition)

44. O'Neill incorporates by reference it response to Paragraphs 1-43 as if fully set forth herein.

45. O'Neill denies the allegations of Paragraph 45 of the Complaint.

### PRAYER FOR RELIEF

O'Neill denies that Plaintiff is entitled to any relief sought in the Complaint.  The above answers are based on the information currently available to O'Neill, and O'Neill reserves the right to amend those answers based on information later discovered, offered, or pled.

### AFFIRMATIVE AND OTHER DEFENSES

By way of further answer, as affirmative and other defenses to the Complaint, and without assuming any burden that it otherwise would not have, O'Neill states as follows:

### FIRST DEFENSE

**(Failure to State a Claim)**

The Complaint and each cause of action contained within it fail to state facts sufficient to constitute a claim upon which relief can be granted.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

ANSWER TO COMPLAINT
Case No. 3:17-cv-00690

5

34181\5871160.2

## SECOND DEFENSE

### (Insufficient Notice of Registration)

JaM's claims are barred by lack of sufficient notice of their alleged trademark registrations, including JaM's failure to properly mark the alleged goods and/or services offered under its alleged registered marks with the ® symbol.

## THIRD DEFENSE

### (Acquiescence and Estoppel)

JaM's claims are barred by the doctrines of acquiescence and estoppel.

## FOURTH DEFENSE

### (Invalidity)

JaM's claims are barred as at least one of their alleged trademarks is invalid on one or more grounds, including but not limited to those set forth in the Lanham Act.

## FIFTH DEFENSE

### (Non-Infringement)

O'Neill has not and currently does not infringe any alleged mark and is not liable for any infringement. Even assuming arguendo that JaM in fact holds a trademark for the term BUTTER and that mark is properly registered, that mark is diluted and not entitled to broad protection. The term "butter" as a trademark applied to alcoholic beverages is diluted as a trademark and is therefore weak. Thus, to the extent JaM's BUTTER mark is entitled to any scope of protection, that scope is narrow and does not extend to O'Neill's BUTTERCUP mark.

## SIXTH DEFENSE

### (Lawful Use)

O'Neill's use of the label on its Buttercup wine is lawful with respect to JaM.

## SEVENTH DEFENSE

### (Fair Use)

O'Neill's use of the label on its Buttercup wine is permitted under the doctrine of fair use.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

ANSWER TO COMPLAINT
Case No. 3:17-cv-00690

6

34181\5871160.2

## EIGHTH DEFENSE

### (Failure to Mitigate)

Without admitting that the Complaint states a claim or that damages exist, JaM's claims are barred, in whole or in part, by JaM's failure to mitigate damages.

## NINTH DEFENSE

### (Lack of Causation)

Without admitting that the Complaint states a claim or that damages exists, JaM's complaint fails because O'Neill was not the actual or proximate cause of any damage to JaM. There is no likelihood of consumer confusion, mistake or deception between the two marks when considered in their entireties, JaM cannot claim exclusive use of the term "butter" for wine, as evidenced by both the several other marks on the U.S. Trademark register that contain the term "butter" and the fact that "butter" is a descriptive term for wine.

## TENTH DEFENSE

### (Truth)

Without admitting that the Complaint states a claim or that damages exists, JaM's Complaint alleging false or misleading statements fails because the alleged inaccurate statements by O'Neill were or are true.

## ELEVENTH DEFENSE

### (Opinion)

Without admitting that the Complaint states a claim or that damages exists, JaM's Complaint alleging false or misleading statements fails because the alleged inaccurate statements by O'Neill were or are statements of opinion.

## ADDITIONAL DEFENSES

O'Neill reserves the right to assert additional defenses based on information learned or obtained through discovery or further investigation.

## PRAYER FOR RELIEF

WHEREFORE, O'Neill requests that this Court enter a judgment in its favor and against JaM as follows:

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

ANSWER TO COMPLAINT
Case No. 3:17-cv-00690

7

34181\5871160.2

     a.    dismissing JaM's Complaint in its entirety and entering judgment for O'Neill and against JaM;

     b.    That JaM take nothing by its Complaint;

     c.    For costs of suit, including reasonable attorneys' fees; and

     d.    For other and further relief as this Court may deem just and proper.

Dated: March 15, 2017                    FARELLA BRAUN + MARTEL LLP

By:    */s/ Robert C. Holtzapple*
        Robert C. Holtzapple

Attorneys for O'NEILL BEVERAGES CO. LLC

## **JURY DEMAND**

O'Neill demands a trial by jury.

Dated: March 15, 2017                    FARELLA BRAUN + MARTEL LLP

By:    */s/ Robert C. Holtzapple*
        Robert C. Holtzapple

Attorneys for Defendant
O'NEILL BEVERAGES CO. LLC

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

ANSWER TO COMPLAINT
Case No. 3:17-cv-00690

8

34181\5871160.2